**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DAVID W. KELLY, JR.,**

    **Plaintiff,**

v.                                   **Case No. 5:08cv71/MCR/MD**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**
_____/

## O R D E R

This cause comes on for consideration upon the magistrate judge's report dated March 4, 2009, recommending the Commissioner's decision denying plaintiff benefits be affirmed. Plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The court has made a *de novo* determination of those portions to which an objection has been made. As explained below, having considered the report and recommendation and all objections, the court adopts and incorporates by reference in this order the magistrate judge's report, with the exception of his findings with respect to plaintiff's condition of depression. The court declines to adopt those portions of the report pertaining to those findings or the magistrate judge's recommendation that the Commissioner's decision be affirmed. This court reverses the decision and remands the matter for further proceedings.

Plaintiff contends that the administrative law judge erred in finding that his

depression is not a "severe" impairment at step two of the sequential analysis.[1] A plaintiff's step two burden is extremely mild. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). As the court explained in *McDaniel*, "[s]tep two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected." A plaintiff need only show that "[his] impairment is not so slight and its effect is not so minimal." *Id.*

In this case, the court is satisfied that, based on the opinion of examining psychologist Brent Decker, Ph.D., plaintiff has met his slight step two burden. After performing a mental evaluation, Dr. Decker concluded that plaintiff experienced "clinically significant depression and anxiety." (Tr. 264). He also opined, in a Mental Residual Functional Capacity Assessment, that plaintiff suffered from "marked" or "extreme" functional limitations with respect to restriction of activities of daily living; difficulties in maintaining social functioning; difficulties in maintaining concentration, etc.; and episodes of decompensation. (Tr. 304-18). Given this evidence, and the court's conclusion that the administrative law judge's reasons for rejecting Dr. Decker's opinion are not based on substantial evidence, the court concludes that plaintiff has established that his depression is a severe impairment.

The Commissioner's decision denying benefits is therefore reversed and this case is remanded for further proceedings.

Accordingly, it is ORDERED:

1.      The magistrate judge's report is adopted and incorporated by reference, with the exception of the magistrate judge's findings with respect to plaintiff's condition of depression, which are not adopted. The magistrate's recommendation that the Commissioner's decision be affirmed also is not adopted.

2.      The decision of the Commissioner of Social Security denying disability

---

[1] The court finds no merit in plaintiff's additional objections that the administrative law judge erred in rejecting certain portions of the medical opinion of James Clemmons, M.D., or that the administrative law judge's credibility determination was flawed.

benefits is REVERSED pursuant to sentence four of 42 U.S.C. § 405(g).

      3.     This case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this order.

      4.     The clerk shall ENTER judgment accordingly and CLOSE this case.

**DONE AND ORDERED** this 5th day of June, 2009.

      *s/ M. Casey Rodgers*
      **M. CASEY RODGERS**
      **UNITED STATES DISTRICT JUDGE**